UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>INDIAN HILLS HEALTH CARE OF SIOUX CITY, LLC,<br><br>Debtors | Chapter 7<br><br>Bankruptcy No. 22-00756 |
| NICOLE HUGHES,<br>     Plaintiffs<br><br>Vs.<br><br>NAVA HEALTHCARE GROUP, LLC.<br>     Defendant | ADVERSARY PROCEEDING<br><br>No. 23-09045 |

**OPINION ON MOTION TO DISMISS FOR IMPROPER VENUE**

The matter before the Court is Nava Healthcare Group, LLC's ("Defendant") Motion to Dismiss for Improper Venue (Doc. 5). The Court held a hearing on February 16, 2024. Roy Leaf appeared for Defendant and Nicole Hughes for herself

as the Chapter 7 Trustee ("Trustee"). The Court took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. STATEMENT OF THE CASE

On November 28, 2022, Indian Hills Health Care of Sioux City, LLC ("Debtor") filed its Chapter 7 voluntary bankruptcy petition. On October 18, 2023, the Trustee filed this adversary proceeding against Nava Healthcare Recruitment, Inc., seeking to avoid a preferential transfer of $20,890.42 to Nava Healthcare Recruitment. Trustee argues that Debtor overpaid $20,890.42 in insurance premiums to U.S. Premium Finance that refunded that money to Defendant instead of to Debtor. The Trustee is now attempting to recover that refund.

On December 7, 2023, the Trustee filed an amended complaint replacing Nava Healthcare Recruitment, Inc. with Defendant, Nava Healthcare Group. Defendant filed a Motion to Dismiss for Improper Venue. In its motion, Defendant argues that venue is improper under 28 U.S.C. § 1409(b) and thus the Court should dismiss this proceeding or transfer it to the district of Defendant's principal place of business: the Southern District of Florida. Trustee resists, arguing that venue is proper under 28 U.S.C § 1409(a) and that § 1409(b) does not apply to avoidance actions. For the following reasons, the Court agrees with the Trustee and denies the Motion to Dismiss.

## II. DISCUSSION

The venue provision for bankruptcy adversary proceedings is found at 28 U.S.C. § 1409. It provides in part:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 *may* be commenced in the district court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $15,000, or a debt (excluding a consumer debt) against a noninsider of less than $25,000, *only* in the district court for the district in which the defendant resides.

28 U.S.C. § 1409 (emphasis added). "In other words, though subsection (b) makes it clear enough that Congress intended to create special venue protections to prevent remote defendants from defending 'small' trustee claims against them in foreign fora for certain actions, it is less clear exactly *which kinds* of lawsuits Congress intended to include within the sweep of the 28 U.S.C. § 1409(b)." In re J & J Chemical, Inc., 596 B.R. 704, 709 (Bankr. D. Idaho 2019) (emphasis added). Although there is a circuit split, most courts have found that the statutory amount-in-controversy limitation does not apply to claims *arising under* title 11, such as avoidance action claims. See, e.g., In re Excel Storage Products, L.P., 458 B.R. 175, 181 (Bankr. M.D. Pa. 2011); In re Bamboo Abbott, Inc., 458 B.R. 701, 705–06 (Bankr. D. N.J. 2011); In re Sunbridge Capital, Inc., 454 B.R. 166, 174 (Bankr. D. Kan. 2011); In re

3

Case 23-09045    Doc 16    Filed 08/02/24    Entered 08/02/24 16:03:06    Desc Main
Document    Page 4 of 5

Rosenberger, 400 B.R. 569, 574 (Bankr. W.D. Mich. 2008); Matter of Van Huffel Tube Corp., 71 B.R. 155, 157 (Bankr. N.D. Ohio 1987); In re J & J Chemical, Inc., 596 B.R. 704, 711–14 (Bankr. D. Idaho 2019); In re Tadich Grill of Washington DC LLC, 598 B.R. 65, 67 (Bankr. D. D.C. 2019); In re Munson, 627 B.R. 507, 515–16 (Bankr. C.D. Ill. 2021). Absent direct authority from the 8th Circuit, the Court finds that the majority position supports the plain meaning of the venue statute and sees no reason to depart from that position here.

Under § 1409(a), if a proceeding *arises under* title 11 or *arises in* or is *related to* a case under title 11, then the district where the underlying bankruptcy case is pending is the proper venue. "A proceeding 'arising under title 11' is any proceeding in which a claim is made based upon a provision of the Bankruptcy Code." National City Bank v. Coopers & Lybrand, 802 F.2d 990, 994 (8th Cir. 1986). "Furthermore, it is a proceeding that would not occur but for a Bankruptcy Code provision." In re Brown, No. 82-1857-C, 1988 WL 1571404, at *1 (Bankr. S.D. Iowa Jan. 8, 1988). In Brown, the court held that the venue in the district where the underlying bankruptcy case was pending was proper because a preference action is a proceeding "arising under title 11", and section 1409(b) only applies to proceedings "arising in or related to" title 11. Id. at *2. The same conclusion applies here. The Trustee's avoidance action here would not occur but for a bankruptcy code provision. Therefore, it is a

proceeding arising under the bankruptcy code. Section 1409(b) does not apply. Venue is proper under section 1409(a).

### III. Conclusion/Order

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue is **DENIED**. Defendant is ordered to timely file its answer so the case may proceed accordingly.

Ordered: August 2, 2024

Thad J. Collins
Chief Bankruptcy Judge